UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES RICHARD JOHNSON,

    Plaintiff,

vs.

THE STATE OF OHIO, *et al.*,

    Defendants.

Case No. 3:15-cv-447

District Judge Timothy S. Black
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT (DOC. 3) BE DISMISSED WITH PREJUDICE; (2) PLAINTIFF'S MOTION FOR INJUNCTION (DOC. 2) BE DENIED; (3) SERVICE NOT ISSUE; (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET; AND (5) A CERTIFICATE OF APPEALABILITY NOT ISSUE, AND PLAINTIFF BE DENIED *IN FORMA PAUPERIS* STATUS ON APPEAL**

---

This civil case is before the Court, pursuant to 28 U.S.C. § 1915(e)(2), for a *sua sponte* review of the complaint filed by *pro se* Plaintiff James Richard Johnson ("Johnson"). Johnson filed a motion for leave to proceed *in forma pauperis* ("IFP") on December 12, 2015. Doc. 1. The Court granted Johnson's motion to proceed IFP, but held service of the complaint pending a review under § 1915(e)(2). *See* Notation Order dated Dec. 18, 2015. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

I.

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to a § 1915 review).

## II.

This is the second case in which Johnson seeks relief from this Court with regard to child support obligations and enforcement proceedings. *See Johnson v. Rogers*, No. 1:15-CV-638, 2015 WL 9471606, at *2 (S.D. Ohio Dec. 4, 2015) *Report and Recommendation adopted*, 2015 WL 9460561 (S.D. Ohio Dec. 28, 2015) (hereafter referred to as "*Johnson I*").  Similar to the circumstances here, in *Johnson I*, Johnson sought, among other requested relief, an Order dismissing the child support enforcement actions pending against him in the Domestic Relations Division of the Butler County Court of Common Pleas. *Id*.

Here, Johnson names three Defendants: (1) the State of Ohio; (2) the Butler County, Ohio Child Support Enforcement Agency ("CSEA"); and (3) the Butler County Court of Common Pleas.  Doc. 3 at PageID 25-26.  In connection with his complaint, Johnson also filed a request for an injunction (doc. 2), which he references and incorporates as part of his complaint. *See* doc. 3 at PageID 27.  In the *pro se* complaint, Johnson alleges that Defendants violated his rights by prosecuting, arresting, and incarcerating him -- from October 8, 2015 through October 13, 2015 -- for, presumably, failing to pay child support obligations. *Id*.  Johnson further alleges that, following a hearing on December 21, 2015, he anticipated being sentenced to serve additional jail time for his continued failure to pay child support obligations. *See id*.; *see also* doc. 1-5 at PageID 15-16; doc. 2 at PageID 18.  With respect to his request for injunctive relief, Johnson seeks an Order enjoining the Common Pleas Court from proceeding to sentencing on December 21, 2015, and enjoining Defendants from taking further action to enforce his child support obligations.  Doc. 2 at PageID 23.

### III.

The Court first addresses Johnson's wrongful imprisonment, prosecution and arrest claims asserted under 42 U.S.C. § 1983, in which he seeks money damages. *See* doc. 3 at PageID 27-28. Such claims for damages against the State of Ohio and the Common Pleas Court are barred by the Eleventh Amendment of the United States Constitution. *See Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997) (holding that the State of Ohio and Ohio Common Pleas Courts are immune "from litigation exposure in federal court by the Eleventh Amendment to the United States Constitution"); *see also Johnson*, 2015 WL 9471606, at *4. Accordingly, for this reason, as well as the reasons set forth by Magistrate Judge Bowman in Johnson's related case, *see Johnson*, 2015 WL 9471606, at *2-5, Plaintiff's § 1983 claims against the State of Ohio and the Common Pleas Court should be dismissed.

With regard to his § 1983 claims against CSEA, even assuming, *arguendo*, that it is not a state agency for Eleventh Amendment purposes, *see Lawton v. State of Florida Dep't of Revenue*, No. 2:06-CV-01037, 2007 WL 641849, at *4 (S.D. Ohio Feb. 22, 2007) *Report and Recommendation adopted sub nom.*, 2007 WL 1072027 (S.D. Ohio Apr. 6, 2007), Johnson's § 1983 claims against CSEA must be dismissed for failing to plead sufficient facts that, if accepted as true, would state a facially plausible claim. *See Pegram v. Ohio Child Support Div.*, No. 1:14CV638, 2014 WL 5107599, at *6-7 (S.D. Ohio Oct. 10, 2014).

Specifically, CSEA, a government entity -- as opposed to an individual state actor -- "may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability." *Harris v. Jan*, No. 3:05CV7370, 2005 WL 3483551, at *2 (N.D. Ohio Dec. 15, 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, government entities are only liable under § 1983 when a constitutional

injury results from "execution of a government's policy or custom[.]" *Id*. (citation omitted). Johnson's "complaint contains no suggestion of a custom or policy of the [Butler] County CSEA which may have resulted in the deprivation of a federally protected right of the plaintiff." *Id*.

Accordingly, Johnson's claims for money damages against all Defendants should be dismissed by the Court under § 1915(e) as frivolous.

### IV.

In addition to his claims for money damages, Johnson seeks, as noted, injunctive relief against Defendants to stop all child support enforcement proceedings in the Butler County Common Pleas Court. *See* doc. 2; *see also* doc. 3 at PageID 28. Even assuming, *arguendo*, that Johnson's request for injunctive relief is not barred by the Eleventh Amendment, *see Williams v. Commw. of Ky.*, 24 F.3d 1526, 1544 (6th Cir. 1994) (stating that "[t]he Eleventh Amendment does not bar § 1983 actions brought against state officials in their official capacities seeking prospective injunctive relief"), his request for injunctive relief must be dismissed.

Notably, the Anti-Injunction Act provides that, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "While 42 U.S.C. § 1983 falls within the 'expressly authorized by Act of Congress' exception provided in the Anti–Injunction Act, the plaintiff here has neither pleaded with clarity a cause of action under § 1983 nor made a showing that he is likely to succeed on the merits of a § 1983 claim against" any of the Defendants. *Caughorn v. Phillips*, 981 F. Supp. 1085, 1087 (E.D. Tenn. 1997) (citing *Mitchum v. Foster*, 407 U.S. 225, 242 (1972)).

Accordingly, Johnson's request for injunctive relief should be dismissed, and his motion in that regard (doc. 2) should be denied.[2]

### V.

For the foregoing reasons, the Court **RECOMMENDS** that: (1) Johnson's complaint (doc. 3) be **DISMISSED**; (2) Johnson's request for injunctive relief (doc. 2) be **DENIED**; (3) service not issue; (4) this case be **TERMINATED ON THE DOCKET**; and (5) the Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not taken in good faith and, therefore, that Johnson be **DENIED** *in forma pauperis* status on any appeal.

Date:  January 19, 2016                                  *s/ Michael J. Newman*
                                                         Michael J. Newman
                                                         United States Magistrate Judge

---

[2] Insofar as sentencing in the Butler County Court of Common Pleas did occur on December 21, 2015, the undersigned also notes that Johnson's request to enjoin such is now moot.

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).